IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROWN, et al., | No. C 06-5610 MEJ |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; VACATING JULY 26, 2007 HEARING** |
| NAPA VALLEY UNIFIED SCHOOL DISTRICT, et al., | |
| Defendant(s). | |

## I. INTRODUCTION

On September 13, 2006, plaintiffs Diana and Chris Brown, individually and on behalf of their daughter Sarah Brown, filed a complaint (Doc. #1) against various defendants for violations of the Rehabilitation Act of 1973, 20 U.S.C § 794; 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; and for various state law claims.

Defendants are the Napa Valley Unified School District ("NVUSD"); the NVUSD Board of Education; John P. Glaser, individually and as NVUSD Superintendent; Linda Hansen, individually and as a "special day" classroom teacher in the NVUSD; Melissa Strongman, individually and in her official capacity as Principal of Bel Aire Elementary School in the NVUSD; Michele Murer, individually and in her official capacity as Special Education Coordinator in the NVUSD; and Laura Miller, individually and in her official capacity as Special Education Director in the NVUSD.

Linda Hansen has filed a Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, and the remaining defendants

have also filed a separate FRCP 12(b)(6) motion to dismiss. Doc #6, 8.

The Court has reviewed memoranda from both sides and, for the reasons stated herein, Defendants' motions to dismiss are GRANTED for the reasons set forth below.

## II.   BACKGROUND

Sarah Brown was born on June 14, 1998, and attends Bel Aire Elementary School in Napa, California. Doc # 1, ¶¶ 4, 8, 26. As a child with autism, Sarah is eligible for a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq. As a resident of Napa County, California, Sarah is entitled to receive a FAPE from the AUSD. Doc # 10, ¶ 5. Plaintiffs Diana and Chris Brown are Sarah's parents.

The IDEA requires a team comprised of the student's parents and NVUSD employees (including teachers and administrators) to meet and develop an individualized education program (IEP) for each school year. 20 U.S.C. § 1414(d); Cal. Educ. Code § 56340. An IEP summarizes the special education and related services which will make up the student's FAPE. *Id.*

The factual allegations contained in Plaintiffs' complaint are minimal. On or about April 28, 2005, while in Hansen's special day classroom at Bel Aire Elementary School, Sarah was physically restrained by Hansen in a five point restraining hold for approximately five minutes. Sarah sustained abrasions to her back as a result of the hold. Plaintiffs' Complaint alleges eight causes of action, all arising out of this incident. Plaintiffs seek damages pursuant to: (1) 42 U.S.C. § 1983 for violation of the due process clause of the Fourteenth Amendment of the United States Constitution; (2) attorneys fees pursuant to 42 U.S.C. § 1988; (3) section 504 of the Rehabilitation Act of 1973, 20 U.S.C. § 794; and (4) Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132. Plaintiffs also bring the following state law causes of action (1) assault and battery, (2) negligence per se, (3) negligence, and (4) intentional infliction of emotional distress. Doc. #1.

## III.   DISCUSSION

**A.   Legal Standard**

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). FRCP 8(a), which states that the plaintiff's pleadings must

2

contain "a short and plain statement of the claim showing that the pleader is entitled to relief," provides the standard for judging whether such a cognizable claim exists. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). This standard is a liberal one that does not require plaintiff to set forth all the factual details of his claim; rather, all that the standard requires is that the plaintiff give the defendant fair notice of the claim and the grounds for making that claim. *Leatherman v. Tarrant County Narcotics Intell & Coord Unit*, 507 U.S. 163, 168 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Under FRCP 12(b)(6), a motion to dismiss should be granted only if it appears beyond a reasonable doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. For purposes of such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff. *In re Silicon Graphics, Inc. Sec Litig.*, 183 F.3d 970, 980 n.10. (9th Cir. 1999).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, courts should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**B.     Application to the Case at Bar**

In their motions, Defendants argue that Plaintiffs' Complaint is barred in its entirety for Plaintiffs' failure to exhaust their available administrative remedies. The IDEA normally requires that a plaintiff exhaust all administrative procedures prior to the filing of a civil action under federal law. 20 U.S.C. § 1415(l); *see also Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302 (9th Cir.1992). The IDEA's administrative procedures begin with the filing of a parental complaint. 20 U.S.C. § 1415(b)(6). Upon receipt of a complaint, the local educational agency is required to convene an IEP meeting to discuss the issues and attempt resolution. 20 U.S.C. § 1415(f)(1)(B)(I).

3

If the issues are not resolved, parents may either agree to mediation or initiate an impartial due process hearing. 20 U.S.C. §§ 1415(e), 1415(f)(1)(A) and (f)(1)(B)(ii). If the parties agree to mediation, they must enter into a settlement agreement, which is enforceable in federal court. 20 U.S.C. § 1415(e)(2)(F). If the parties go forward with the due process hearing, the hearing officer considers the evidence and determines whether the child in question received a FAPE. 20 U.S.C. § 1415(f). If parents are still aggrieved, they may "bring a civil action . . . in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(I).

Application of the IDEA's exhaustion requirement, however, is not absolute. *Hoeft*, 967 F.2d at 1303. The Ninth Circuit has recognized an exception "based both on general exhaustion principles and on the legislative history of the IDEA" and held that where resort to the administrative procedures set forth in 20 U.S.C. § 1415 would be futile or would provide an inadequate remedy, the exhaustion requirement is excused. *Id.* In general, futility will be found when resort to further administrative process would serve no useful purpose (i.e., not serve the policies behind the exhaustion requirement). *Id.* In such a case, the doctrine of futility excuses the IDEA's exhaustion requirement and provides federal courts jurisdiction over a plaintiff's complaint for violation of the IDEA. *Id.*

Here, Plaintiffs admit that they have not exhausted the IDEA's administrative procedures, but they argue that exhaustion would be futile. The Court disagrees. The administrative procedure was established by Congress to guarantee a full investigation with parental involvement "with respect to any matter relating to the identification, evaluation, or educational placement of the child or the provision of a free appropriate public education to such child." *Id.* With respect to their federal causes of action, Plaintiffs are seeking adjudication of the placement of Sarah, evaluation of disciplinary measures, and whether the education provided by the NVUSD is appropriate for Sarah as a special education minor. The Court finds that the IDEA's administrative process can potentially address these issues and, if Plaintiffs are still aggrieved after exhaustion of the administrative process, they can bring a civil action at that time. As stated by the Ninth Circuit, the IDEA's

4

exhaustion requirement "recognizes the traditionally strong state and local interest in education, as reflected in the statute's emphasis on state and local responsibility." *Id.* Thus, it would be inappropriate for the Court to consider this matter before Plaintiffs give state and local interests the opportunity.

Although their Complaint focuses on allegations related to disciplinary measures used against Sarah, Plaintiffs also argue in their Opposition that exhaustion is not appropriate because NVUSD has adopted policies and pursued practices of general applicability that are contrary to law. While this can be a situation in which it is inappropriate to require the use of the IDEA's review procedures, *id.* at 1303-04, the Court finds it inapplicable in the instant matter. "Plaintiffs must demonstrate in addition that the underlying purposes of exhaustion would not be furthered by enforcing the requirement." *Id.* at 1304. This they have failed to do. To excuse the exhaustion requirement in these circumstances, the Court must determine whether the alleged violations rise to "a truly systemic level in the sense that the IDEA's basic goals are threatened on a system-wide basis." *Id.* Here, Plaintiffs vaguely allege that Defendants implemented policies and procedures which reflected deliberate and willful indifference to Sarah's rights, yet they in no way rise to the level of a threat on a system-wide basis. As stated above, the Court finds it inappropriate to consider Plaintiffs' federal causes of action prior to any state and local interests in the matter.

Further, although Plaintiffs have not filed a claim pursuant to the IDEA, both the statute and caselaw dictate that when a disabled student brings claims asserting that a school failed to provide appropriate special education, the student must exhaust IDEA administrative remedies to the same extent as if the suit had been brought under the IDEA. *Robb v. Bethel School Dist.*, 308 F.3d 1047 (9th Cir. 2002); *Doe v. Arizona Dept. Of Education*, 111 F.3d 678, 684-685 (9th Cir. 1997). The dispositive question is "whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies." *Robb*, 308 F.3d at 1050. Clearly, Plaintiffs' claims regarding the education provided by the NVUSD could be redressed by IDEA.

## IV.   CONCLUSION

Based on the analysis above, the Court GRANTS Defendants' motions to dismiss as to the

5

federal causes of action and DISMISSES Plaintiff's claims under 42 U.S.C. § 1983, section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act.  As Plaintiffs have not exhausted their administrative remedies, leave to amend these claims would serve no valid purpose.  Further, with the dismissal of the federal causes of action, the Court declines to exercise jurisdiction over the state law causes of action, and DISMISSES Plaintiff's claims for assault and battery, negligence per se, negligence, and intentional infliction of emotional distress WITHOUT PREJUDICE to re-filing them in state court.  As to Defendants' request for attorneys' fees and costs, the Court finds that Plaintiffs brought this action in good faith.  Accordingly, fees and costs are unwarranted.

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 10, 2007

MARIA-ELENA JAMES
United States Magistrate Judge